IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAVID LEON JACKSON,  :<br>  :<br>    Petitioner,  :<br>  :<br>VS.  :<br>  :<br>UNITED STATES OF AMERICA,  :<br>  :<br>    Respondent.  :<br>  : | 7: 08-CR-7 (HL)<br>28 U.S.C. § 2255<br>7:13-CV-90181 (HL) |

## RECOMMENDATION

Petitioner filed a Motion for Reduction of Sentence Under 18 U.S.C. 3582(c) on September 9, 2013. (Doc. 109). On September 12, 2013, the Court notified Petitioner that it intended to recharacterize the Motion for Reduction of Sentence as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 110). Petitioner was given notice pursuant to *Castro v. U.S.*, 540 U.S. 375, 381-83 (2003), and was instructed to either withdraw his Motion for Sentence Reduction, or amend his Motion to assert any additional claims. (*Id.*). Petitioner filed a Motion to Amend, stating that he wanted to proceed under § 2255. (Doc. 111). Petitioner's Motion to Vacate is now before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner was indicted in this Court on February 13, 2008, on charges of bank robbery by force or violence, and possession of a firearm in the furtherance of a crime of violence. *U.S. v. Jackson*, Criminal Action No. 7: 08-CR-7-001 (Doc. 14). On August 4, 2008, Petitioner pleaded guilty to both counts. (Doc. 48). On November 6, 2008, Petitioner was sentenced to 180 months imprisonment, to be followed by 5 years of Supervised Release. (Doc. 50). Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Eleventh Circuit, which

affirmed the conviction on July 2, 2009. (Doc. 71). Petitioner's conviction became final on September 30, 2009, ninety (90) days after the entry of judgment on July 2, 2009, when the time for seeking certiorari expired.[1] On September 9, 2013, Petitioner filed the Motion for Reduction of Sentence, which has been recharacterized as a Motion to Vacate pursuant to 28 U.S.C. § 2255. (*See* Docs. 109-111).

Petitioner appears to assert that his motion is timely because a new rule of law has been made retroactive through *Alleyne v. United States*, 133 S.Ct. 2151 (2013). (Doc. 111). Section 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In *Alleyne*, the Supreme Court held that the jury, not judge, must find the facts that increase a mandatory minimum sentence. *Alleyne*, 133 S.Ct. at 2158 (the jury found the defendant had only possessed a weapon during the commission of a crime, and it was error to sentence the

---

[1] A defendant has ninety (90) days after the entry of judgment on direct appeal to seek certiorari. U.S.Sup.Ct. Rule 13. If the defendant does not seek certiorari, the one-year statute of limitations governing § 2255 motions begins to run ninety (90) days after judgment on direct appeal is entered. *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

defendant under the aggravated offense of brandishing a weapon during the commission of a crime).  Petitioner asserts that the district judge abused his discretion by sentencing Petitioner above the guideline range, not that he was subjected to a higher mandatory minimum than the facts established.  (Doc. 109).  The Court finds, therefore, that *Alleyne* does not apply to Petitioner's Motion to Vacate.

Petitioner has failed to show that there is a new rule of law that has been made retroactive which would affect the 1-year limitations period in this case.  The limitations period ran on September 30, 2010, which is 1 year after Petitioner's judgment became final.  Petitioner did not file this habeas Petition until September 9, 2013, which was almost three years after the limitations period had run.  Therefore, this § 2255 Motion is untimely filed, and it is the recommendation of the undersigned that Petitioner's § 2255 motion be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 31st day of October, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf